UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00358-RJC
(3:16-cr-00248-RJC-DSC-1)

| | |
|---|---|
| **JARRETT TERRELL EDWARDS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion to Reconsider and/or Alter/Amend Judgment." [CV Doc. 6].[1]

On September 30, 2016, Petitioner Jarrett Terrell Edwards ("Petitioner") was charged in a Bill of Information with one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count One) and one count of aiding and abetting Armed Bank Robbery and, in doing so, assaulting and endangering the life of another by use of a firearm, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count Two). [CR Doc. 1: Bill of Information]. The parties entered into a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Two in the Bill of Information and the Government agreed to dismiss all charges as to Petitioner in a Superseding Bill of Indictment in Criminal Case No. 3:15-cr-302 ("CR2"). [CR Doc. 3: Plea Agreement; CR2 Doc. 75].

At sentencing, the Court determined that Petitioner was subject to the career offender

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00358-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00248-RJC-DSC-1.

enhancement under the Guidelines,[2] resulting in a criminal history category of VI. [CR Doc. 24 at 1: Statement of Reasons]. The guidelines range based on a criminal history category of VI and a Total Offense Level of 31 was 188 to 235 months' imprisonment. [Id.]. Petitioner was sentenced to a total term of imprisonment of 192 months. [CR Doc. 23 at 2: Judgment]. Judgment on Petitioner's conviction was entered on March 28, 2017. [Id.]. Petitioner appealed his sentence. [CR Doc. 25]. On appeal, Petitioner challenged the application of the career offender enhancement, "arguing that one of the two prior convictions considered as a violent crime, North Carolina common law robbery, is not a 'crime of violence.'" United States v. Edwards, 755 Fed. App'x 242 (4th Cir. 2018). On December 6, 2018, the Fourth Circuit affirmed Petitioner's sentence, holding, in part, that Petitioner's common law robbery conviction was a crime of violence. Id. (citing United States v. Gattis, 877 F.3d 150, 158 (4th Cir. 2017)). Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on April 15, 2019. Edwards v. United States, 139 S.Ct. 1584 (2019).

On July 21, 2021, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. In his § 2255 motion, Petitioner claimed that he was "convicted for Hobbs Act and conspiracy of Hobbs Act robbery" and that neither offense satisfied that Guidelines "crime of violence" definition for purposes of the career offender enhancement. [Id. at 4]. Petitioner asked the Court to vacate his sentence and to resentence him without the career offender enhancement. [See id. at 8].

---

[2] The Court applied the 2014 Guidelines career offender enhancement, U.S.S.G. § 4B1.1(a). It provides, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §4B1.1(a).

Petitioner acknowledged that his motion to vacate was filed more than one year after his judgment of conviction became final and asked the Court to apply equitable tolling. [See id. at 1]. Plaintiff claimed that lockdowns and "CDC requirements" prevented him from timely preparing the instant motion. [CV Doc. 1 at 1-2]. Petitioner claimed that he had "little to [no] access to the law library" … "because of both situations over this 2 ½ year period." [Id. at 2]. Petitioner attached to his motion proof of lockdowns at his place of incarceration from April 13 to 15, 2019; April 19 to 22, 2019; and July 3, 2019 to November 22, 2019. [Id. at 9-13]. Plaintiff also cited "new substantive law previously unavailable – Green, Davis, Eason, Gravatt, and First Step Act of 2018," in support of equitable tolling. [Id.]. On August 18, 2021, the Court denied and dismissed Petitioner's motion to vacate as untimely and judgment was entered. [CV Docs. 4, 5]. The Court also noted that even if Petitioner's motion to vacate were not time-barred, it would fail on the merits. [Id. n.4].

On September 17, 2021, Petitioner filed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, challenging the Court's denial of the motion to vacate.[3] [CV Doc. 6]. As grounds, Petitioner argues that the Court should have equitably tolled the limitations period and considered Petitioner's motion to vacate on the merits. Petitioner points to the documentation he previously submitted evidencing institutional lockdowns. He also now submits additional, though previously available,[4] evidence of additional lockdowns "that even

---

[3] This motion was docketed on September 23, 2021. It was received by prison officials for mailing, however, on September 17, 2021, [See Doc. 6-3 at 2], and the Court considers it filed as of that date under the prison mailbox rule. See Michelson v. Duncan, No. 1:17-cv-50-FDW, 2020 WL 1692345, *1, n.3 (W.D.N.C. Apr. 7, 2020). Petitioner failed to date the motion or the Certificate of Service he attached to it. [CV Docs. 6 at 7, 6-1 at 4]

[4] One document Petitioner now submits was not available at the time of his motion to vacate, [CV Doc. 6-2 at 1], but it is also irrelevant as it relates to a lockdown in September 2021.

3

moreso corroborates Petitioner's adamant claim of not having <u>access</u>, <u>time</u>, or <u>availability</u> of law material to property present motion to court." [CV Doc. 6 at 3 (errors and emphases in original)].

A party must file a Rule 59(e) motion to alter or amend no more than 28 days after the entry of the contested judgment. Fed. R. Civ. P. 59(e). The judgment here was entered on August 18, 2021. [CV Doc. 5]. Petitioner, therefore, had 28 days, or until September 15, 2021, to file the instant motion. He did not file it until September 17, 2021. His motion to alter or amend judgment, like his motion to vacate, is untimely and the Court will deny it on those grounds.

The Court notes, as it did with his motion to vacate, that Petitioner's pending motion would be denied on the merits in any event. Under Rule 59(e):

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

<u>Hill v. Braxton</u>, 277 F.3d 701, 708 (4th Cir. 2002) (quoting <u>Collison v. Int'l Chem. Workers Union</u>, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." <u>Id.</u> Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" <u>Woodrum v. Thomas Mem'l Hosp. Found., Inc.</u>, 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

In addition to being untimely, Petition has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, his motion does not present evidence that was unavailable when he filed his § 2255 motion. Nor does his motion stem

4

Case 3:21-cv-00358-RJC   Document 7   Filed 10/01/21   Page 4 of 5

from an intervening change in the applicable law.  Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708. Petitioner simply repeats his previous arguments and presents previously available, though not submitted, evidence of an institutional lockdown lasting from February 13, 2020 through March 2, 2020.  [CV Doc. 6-2 at 4].  The Court, therefore, will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider [Doc. 6] is **DENIED**.

Signed: September 30, 2021

Robert J. Conrad, Jr.
United States District Judge