UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00358-RJC
(3:16-cr-00248-RJC-DSC-1)

| | |
|---|---|
| JARRETT TERRELL EDWARDS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Motion for Reconsideration. [Doc. 8].[1]

On September 30, 2016, Petitioner Jarrett Terrell Edwards ("Petitioner") was charged in a Bill of Information with one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count One) and one count of aiding and abetting Armed Bank Robbery and, in doing so, assaulting and endangering the life of another by use of a firearm, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count Two). [CR Doc. 1: Bill of Information]. The parties entered into a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Two in the Bill of Information and the Government agreed to dismiss all charges as to Petitioner in a Superseding Bill of Indictment in Criminal Case No. 3:15-cr-302 ("CR2"). [CR Doc. 3: Plea Agreement; CR2 Doc. 75].

At sentencing, the Court determined that Petitioner was subject to the career offender

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00358-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00248-RJC-DSC-1.

enhancement under the Guidelines and sentenced him to a total term of imprisonment of 192 months. [CR Doc. 23 at 2: Judgment; CR Doc. 24 at 1: Statement of Reasons]. Petitioner appealed his sentence, challenging the application of the career offender enhancement, "arguing that one of the two prior convictions considered as a violent crime, North Carolina common law robbery, is not a 'crime of violence.'" United States v. Edwards, 755 Fed. App'x 242 (4th Cir. 2018). On December 6, 2018, the Fourth Circuit affirmed Petitioner's sentence, holding, in part, that Petitioner's common law robbery conviction was a crime of violence. Id. (citing United States v. Gattis, 877 F.3d 150, 158 (4th Cir. 2017)). Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on April 15, 2019. Edwards v. United States, 139 S.Ct. 1584 (2019).

On July 21, 2021, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. In his § 2255 motion, Petitioner claimed that he was "convicted for Hobbs Act and conspiracy of Hobbs Act robbery" and that neither offense satisfied that Guidelines "crime of violence" definition for purposes of the career offender enhancement. [Id. at 4]. Petitioner asked the Court to vacate his sentence and to resentence him without the career offender enhancement. [See id. at 8]. On August 18, 2021, the Court denied and dismissed Petitioner's motion to vacate as untimely and judgment was entered. [CV Docs. 4, 5]. The Court also noted that even if Petitioner's motion to vacate were not time-barred, it would fail on the merits. [Id. n.4].

On September 17, 2021, Petitioner filed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, challenging the Court's denial of the motion to vacate. [CV Doc. 6]. As grounds, Petitioner argued that the Court should have equitably tolled the limitations period and considered Petitioner's motion to vacate on the merits. [Id.]. The Court

2

denied Petitioner's motion for reconsideration as untimely and noted that it would have been dismissed on the merits in any event because Petitioner had not stated adequate grounds for relief. [CV Doc. 7].

Petitioner now moves the Court for reconsideration of its Order denying Plaintiff's motion for reconsideration. [Doc. 8 at 1]. Petitioner argues that his motion is based on an intervening change in applicable law, that is, that "as of January 3rd, 2022 the *First Step Act* 2018 has been made Retroactive which completely changes Petitioner's guidelines." [Id. at 2].

The Court will deny Petitioner's motion for reconsideration. If Plaintiff believes he is entitled to relief under the First Step Act, as asserted, he should file the proper motion in his criminal proceedings, not an improper add-on request for relief in his dismissed motion to vacate under 28 U.S.C. § 2255. The Court, therefore, will deny Plaintiff's motion without prejudice to his filing a motion for relief under the First Step Act in his criminal proceeding, if he so chooses. The Court makes no opinion regarding whether Petitioner is entitled to any such relief.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 8] is **DENIED** without prejudice in accordance with the terms of this Order.

Signed: February 8, 2022

Robert J. Conrad, Jr.
United States District Judge