UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00358-RJC
(3:16-cr-00248-RJC-DSC-1)

| | |
|---|---|
| **JARRETT TERRELL EDWARDS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion as Cover-Sheet To Why Petitioner's 2255 Motion to Vacate or Set Aside Sentence Should Be Accepted As Timely File," [CV Doc. 10],[1] which the Court will construe as a motion to reconsider.

On September 30, 2016, Petitioner Jarrett Terrell Edwards ("Petitioner") was charged in a Bill of Information with one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count One) and one count of aiding and abetting Armed Bank Robbery and, in doing so, assaulting and endangering the life of another by use of a firearm, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count Two). [CR Doc. 1: Bill of Information]. The parties entered into a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Two in the Bill of Information and the Government agreed to dismiss all charges as to Petitioner in a Superseding Bill of Indictment in Criminal Case No. 3:15-cr-302 ("CR2"). [CR Doc. 3: Plea Agreement; CR2 Doc. 75].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00358-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00248-RJC-DSC-1.

At sentencing, the Court determined that Petitioner was subject to the career offender enhancement under the Guidelines and sentenced him to a total term of imprisonment of 192 months. [CR Doc. 23 at 2: Judgment; CR Doc. 24 at 1: Statement of Reasons]. Petitioner appealed his sentence, challenging the application of the career offender enhancement, "arguing that one of the two prior convictions considered as a violent crime, North Carolina common law robbery, is not a 'crime of violence.'" United States v. Edwards, 755 Fed. App'x 242 (4th Cir. 2018). On December 6, 2018, the Fourth Circuit affirmed Petitioner's sentence, holding, in part, that Petitioner's common law robbery conviction was a crime of violence. Id. (citing United States v. Gattis, 877 F.3d 150, 158 (4th Cir. 2017)). Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on April 15, 2019. Edwards v. United States, 139 S.Ct. 1584 (2019).

On July 21, 2021, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. In his § 2255 motion, Petitioner claimed that he was "convicted for Hobbs Act and conspiracy of Hobbs Act robbery" and that neither offense satisfied that Guidelines "crime of violence" definition for purposes of the career offender enhancement. [Id. at 4]. Petitioner asked the Court to vacate his sentence and to resentence him without the career offender enhancement. [See id. at 8]. Petitioner acknowledged that his motion to vacate was filed more than one year after his judgment of conviction became final and asked the Court to apply equitable tolling. [See id. at 1]. Petitioner claimed that lockdowns and "CDC requirements" prevented him from timely preparing his motion. [Id. at 1-2]. Petitioner attached proof of various lockdowns at his place of incarceration. [Id. at 9-13]. On August 18, 2021, the Court denied and dismissed Petitioner's motion to vacate as untimely, and judgment was entered. [CV Docs. 4, 5]. As to equitable tolling, the Court concluded as follows.

> While Plaintiff's efforts may have been hampered by lock downs and COVID-19-related restrictions at his facility for approximately five months during the year after his conviction became final, Petitioner was not without ample opportunity to prepare his motion. Moreover, Petitioner has not shown that he was prevented from timely filing this motion, nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner.

[Doc. 4 at 4]. The Court also noted that even if Petitioner's motion to vacate were not time-barred, it would fail on the merits. [Id. n.4].

On September 17, 2021, Petitioner filed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, challenging the Court's denial of the motion to vacate. [CV Doc. 6]. As grounds, Petitioner argued that the Court should have equitably tolled the limitations period and considered Petitioner's motion to vacate on the merits. [Id.]. The Court denied Petitioner's motion for reconsideration as untimely and noted that it would have been dismissed on the merits in any event because Petitioner had not stated adequate grounds for relief. [CV Doc. 7].

Petitioner then moved the Court for reconsideration of its Order denying Plaintiff's motion for reconsideration. [Doc. 8 at 1]. Petitioner argued that his motion was based on an intervening change in applicable law, that is, that "as of January 3rd, 2022 the *First Step Act* 2018 has been made Retroactive which completely changes Petitioner's guidelines." [Id. at 2]. The Court denied Petitioner's motion for reconsideration without prejudice to asserting the proper motion in his criminal proceeding. [Doc. 9]. Petitioner has not filed any such motion in his criminal case.

Petitioner "now ask[s] this honorable Court to reconsider petitioner's motion to vacate sentence and for the Court to apply the "Equitable Tolling" standard based off the "evidence [*sic*] that is now being presented before this honorable court." [Doc. 10 at 2]. Petitioner again argues that COVID-19 related lockdowns at his correctional facility hindered his ability to timely file his

motion to vacate. [Id.]. Petitioner attaches to the instant motion a Memorandum reflecting a lockdown at his place of incarceration from February 13, 2020 to March 20, 2020, additional argument in support of his original motion to vacate, and a new motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 10-1].

Petitioner's motion will be denied for the same reasons that his first motion to reconsider was denied. [See Doc. 7 at 3-5]. As for the new, second motion to vacate he has submitted, the Court has no jurisdiction to consider it without authorization from the Fourth Circuit. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").

Petitioner is admonished that any future motions to reconsider, however characterized, that he files with this Court asserting the same grounds he propounds here may be summarily dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 10] is **DENIED**.

Signed: August 8, 2022

Robert J. Conrad, Jr.
United States District Judge